tion of the doctrine of *Olds v. Cummings* [*supra*] to the maker of a mortgage to secure accommodation paper, would be to make a most equitable and reasonable doctrine the means of enabling a party to perpetrate a great wrong on another."

In the divorce decree between Ednah J. and Charles H. Tobey it was provided that Charles H. Tobey should assume the payment of the mortgage herein sought to be foreclosed. This doubtless gave enforceable rights to Ednah J. Tobey against Charles H. Tobey for any loss which she might suffer through foreclosure, but it did not abridge the rights of the Ludington estate or of a subsequent holder of the note and trust deed.

We feel obliged to reverse the decree of the Circuit Court as an entirety and to remand the cause with instructions to that court to enter a decree of sale upon the original bill and dismiss the cross-bill for want of equity.

*Reversed and remanded with instructions.*

---

Carmelo Umina, Defendant in Error, v. H. D. Moreland Company, Plaintiff in Error.

Gen. No. 17,654. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARTHUR DESELM, Judge, presiding. Heard in this court at the October term, 1911. Reversed with finding of facts. Opinion filed October 13, 1913.

Statement of the Case.

Action by Carmelo Umina against H. D. Moreland Company for damages for personal injuries. From a judgment for plaintiff for six hundred dollars, defendant brings error.

RALPH F. POTTER, for plaintiff in error; ALFRED T. JOHNSON, of counsel.

BERNARD P. BARASA, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 388*—*when a servant assumes the risk of injury.* The common law duty to provide a safe place to work does not render a contracting company liable for injuries sustained by a servant, even if such a company was guilty of negligence in maintaining a runway over which barrows of mortar were wheeled or if such runway was rendered unsafe by mortar dropping thereon, where the conditions were apparent and the servant had been long employed under them.

2. MASTER AND SERVANT, § 302*—*when doctrine of assumption of risk does not apply.* If an accident to a workman results from a violation of L. 1907, June 3, p. 312, J. &. A. ¶¶ 5368-5377, as to the protection of workmen, the doctrine of assumption of risk does not apply.

3. MASTER AND SERVANT, § 155*—*what constitutes "scaffold" or "mechanical contrivance."* The Act of June 3, 1907, J. & A. ¶ 5368, for the protection of workmen, providing that all "scaffolds" or other "mechanical contrivances" used in the erection, etc., of buildings shall be constructed in a safe manner so as to prevent the falling of material thereon, does not apply to a runway over which barrows of mortar are wheeled from the ground into the first floor of a building about nine feet above the ground.

4. MASTER AND SERVANT, § 155*—*what constitutes a safe place of work.* The Act of June 3, 1907; J. & A. ¶ 5368, requiring scaffolds and mechanical contrivances to be "constructed in a safe, suitable and proper manner" and "so constructed as to give proper and adequate protection," does not require absolute safety, but that amount of protection for employes and others working or passing about a building as is consistent with the practicable carrying on of the work; and a runway, over which barrows of mortar are wheeled into a building, consisting of a short single plank fourteen inches wide running from the ground to a wooden horse and another single plank of the same width twenty-five feet long, running from the horse up to the first floor of the building, complies with the statute.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.